IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JESSE BAKER, CARL BAKER, and )
MURNIE W. BAKER )
)
v. ) NO. 3:07-0638
)
SGT. MATTHEW MARSHALL, et al. )

TO: Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By Order April 23, 2008 (Docket Entry No. 34), the Court referred this action to the Magistrate Judge, pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 636(b)(1)(A) and (B), for consideration of all pretrial matters.

Plaintiffs filed this action on June 13, 2007, against Defendants Matthew Marshall, in his individual and official capacities, and the City of White House, Tennessee. Plaintiffs' complaint sets out civil rights claims under 42 U.S.C. § 1983, as well as claims under state law, and is based upon events occurring on June 14, 2006, when Plaintiff Jesse Baker was searched, seized, and arrested by Defendant Marshall, who was a police officer for the City of White House. At the time the action was filed, Plaintiffs were represented by counsel. Pretrial proceedings in the action occurred pursuant to an initial case management order (Docket Entry No. 11).

By Order entered January 22, 2008 (Docket Entry No. 15), Plaintiffs' counsel was permitted to withdraw and Plaintiffs were ordered to either notify the Court that they intended to proceed pro se or to retain counsel. On February 1, 2008, Plaintiffs filed a letter (Docket Entry No. 18), expressing their desire to proceed pro se. By Order entered February 22, 2008 (Docket Entry No. 23), Plaintiffs

were given until March 28, 2008, to secure the services of a new attorney or to begin to represent themselves.[1]

By Order entered April 15, 2008 (Docket Entry No. 32), the Court noted that Plaintiffs were assumed to be proceeding pro se since a lawyer had not entered an appearance on behalf of Plaintiffs and also noted that the parties had not filed an agreed order for the release of the medical records of Plaintiff Jesse Baker, as had been addressed in the February 22, 2008, Order. By Order entered May 6, 2008 (Docket Entry No. 42), the Court granted Defendants' motion to compel discovery and ordered Plaintiffs to provide the agreed order regarding the release of medical records and also to provide a listing of the names, addresses, and telephone numbers of Plaintiff Jesse Barker's medical care providers.

On June 13, 2008, Defendants filed a motion (Docket Entry No. 46) to dismiss for failure to prosecute and failure to comply with Court orders regarding discovery. Defendants argue that Plaintiffs failed to comply with the May 6, 2008, Order compelling discovery, have not provided responses to interrogatory requests served upon them, and have taken no action to advance the case.

Although Plaintiffs were given notice of the motion to dismiss and need to respond, see Order entered June 17, 2008 (Docket Entry No. 49), Plaintiffs have not responded in opposition to the motion. Plaintiffs have also not responded in any manner to Defendants' renewed motion to dismiss (filed July 23, 2008; Docket Entry No. 54) or motion to ascertain status (filed October 13, 2008; Docket Entry No. 55).

Defendants' motion to dismiss and renewed motion to dismiss should be granted and this action should be dismissed.

---

[1] The February 22, 2008, Order was entered after a telephone conference was held with the parties on February 19, 2008, In this Order, the Court also set out new scheduling deadlines for pre-trial activity and reset the trial in this action for March 17, 2009.

Rule 37(b) of the Federal Rule of Civil Procedure provides that a court may make such orders "as are just" when a party fails to obey an order to provide discovery. Sanctions are set forth in Rule 37(b)(2), including, but not limited to:

. . .

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;

Rule 37(b)(2)(c). The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the court based on the facts of each particular case. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976); Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988).

It is also well settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

Plaintiffs' conduct in this case warrants dismissal of the action under Rules 37(b) and 41(b). Plaintiffs have disregarded orders from the Court requiring submission of an agreed order and service of other discovery responses upon Defendants. Further, Plaintiffs have not responded to the pending motion to dismiss, renewed motion to dismiss, or motion for status. Finally, although Plaintiffs have received most of the orders entered in this case, the last order was returned unclaimed. See Docket Entry Nos. 51-53. Defendants' counsel also represented that mailings he sent to Plaintiffs have also been returned unclaimed. See Defendants' Renewed Motion (Docket Entry No. 54), at 2.

Because of Plaintiffs' dilatory conduct, this case is effectively in the same place it was a year ago. Defendants have been prejudiced by being unable to resolve the claims brought against them and by being required to expend funds because of the need to repeatedly address discovery issues.

The action should be dismissed with prejudice due to Plaintiffs' willfulness and fault in failing to engage in discovery and in disregarding the Court's orders. Plaintiffs have exhibited an unwillingness to prosecute the action in the normal fashion. Dismissal of the action with prejudice is appropriate in light of Plaintiffs' lack of interest in the action, the hardship it would cause Defendants to face the prospect of defending a future action based on allegations which they have attempted to defend against in this action, the impasse in discovery caused by Plaintiffs' conduct, and the needless expenditure of resources by both the Court and Defendants caused by Plaintiffs' conduct.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 46) and renewed motion to dismiss (Docket Entry No. 54) be GRANTED and this action be DISMISSED with prejudice.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge